COMMONWEALTH *vs.* ALFRED R. VAN LIEW. No. 94-P-391. March 16, 1995. *Practice, Criminal,* Instructions to jury. *Homicide. Malice.*

Some ten years after affirmance of the defendant's conviction for murder in the second degree, see *Commonwealth* v. *Van Liew,* 14 Mass. App. Ct. 662 (1982), a Superior Court judge other than the trial judge granted him a new trial on the basis of error in the jury instructions on malice. Concluding that no substantial risk of a miscarriage of justice resulted from the erroneous portion of the jury charge, we reverse.

In instructing the jury that malice could be established by proof of either an actual intent to kill or an intent to do the victim grievous bodily harm, see *Commonwealth* v. *Grey,* 399 Mass. 469, 470 n.1 (1987), the trial judge did not consistently state that the intended harm or injury had to be "serious" or "grievous." See *Commonwealth* v. *Sneed,* 413 Mass. 387, 391-392 (1992). The second judge concluded that a new trial was required because "[w]hen a jury has been instructed that an intent to do bodily harm *or* serious bodily harm will satisfy second prong malice, a

reasonable juror could find malice on a lesser level of proof than the law requires" (emphasis original).

Evidence was presented at trial to show that, while at work on the afternoon in question, the defendant, a bartender, pulled a gun from beneath the bar and inexplicably fired two shots through the rear door of the barroom. About an hour later, the victim came into the barroom and sat at the bar. After half an hour, and as the victim was about to pay his bill, the defendant, who was behind the bar and no more than two feet away, pointed a gun at the victim's chest for a couple of seconds and then fired. There was also evidence of the defendant's state of mind as it related to a possible motive for his actions. See *Commonwealth* v. *Van Liew*, 14 Mass. App. Ct. at 663-664, 666.

There was only one real issue at trial and that was whether the shooting was intentional or accidental. The accident defense was based upon evidence showing that, when the defendant pointed the gun at the victim's chest, he did not realize it was loaded. There was also evidence to the effect that the gun had a "hair trigger," a feature about which the defendant would have been aware from his earlier firing of the gun. On these facts, defense counsel argued to the jury that any criminal act by the defendant was no more than wanton and reckless conduct.

We agree with the Commonwealth that, on the undisputed circumstances of the shooting, the defendant could not have been prejudiced by the error in the instructions on malice. Where the jury found that the defendant intended to injure the victim by shooting him point-blank in the chest, there is no doubt he intended serious or grievous bodily injury. See *Commonwealth* v. *Sires*, 413 Mass. 292, 298 (1992), where the defendant testified that he shot his mother a third time to make certain that she died, there was no substantial risk of a miscarriage of justice in the defendant's first degree murder conviction nothwithstanding the erroneous instructions on malice and second degree murder.

Moreover, the jury could not have been confused about the difference between murder in the second degree and involuntary manslaughter. In instructing the jury on the latter offense, the trial judge used phrases such as a "high degree of likelihood [of] substantial harm," the "gravity of the danger to the other person," "substantial harm," and "serious bodily injury or death." He also stated that involuntary manslaughter was an unintentional killing without malice. Further, he instructed that the defendant was entitled to a verdict of not guilty if the jury found that the shooting was a "pure accident." Based upon the particular facts of the case, the defendant's forceful closing argument stressing wanton and reckless conduct, and the jury instructions in their entirety, we see no substantial risk that the instructions on malice confused the jury about the distinction between murder and involuntary manslaughter. Compare *Commonwealth* v. *Sneed*, 413 Mass. at 392-393.

There is no need to discuss the remaining complaints about the instructions raised by the defendant in his motion but not considered by the judge. Only one of them has merit and that was decided against the defendant on his direct appeal. See *Commonwealth* v. *Van Liew*, 14 Mass. App. Ct. at 669-670.

> *The order granting the defendant's*
> *motion for a new trial is reversed.*

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

*Joan McDonough* for the defendant.